UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3279 PSG (JCx) | Date | May 18, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. David Marcus, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    Order to show cause re: dismissal

     Before the Court is Plaintiff Charles Kinney's complaint. Dkt. #1. After reviewing the complaint, the Court is not convinced that it satisfies Federal Rule of Civil Procedure 8. Therefore, the Court orders the Plaintiff to show cause why the complaint should not be dismissed.

     Rule 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to comply with Rule 8 if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)) (citations omitted); *see also Wright v. United States*, No. 3:14-CV-03008-CRB, 2015 WL 3902798, at *3 (N.D. Cal. June 24, 2015) (applying *Wong*).

     As discussed in this Court's recent order declaring Kinney to be a vexatious litigant, Kinney has a long history of filing meritless, frivolous, and harassing litigation against Defendants David Marcus, Michele Clark, and Eric Chomsky. *See Charles Kinney v. Carolyn Cooper, et al.*, CV 15-8910 PSG (JCx), Dkt. #70 (C.D. Cal. May 13, 2016). After reviewing the complaint filed in this case, the Court believes that it is consistent with Kinney's previous filings–it is conclusory, redundant, confusing, and implausible. *See Membreno v. Fu Wei*, No. 215CV06322ODWRAOX, 2015 WL 5567763, at *1 (C.D. Cal. Sept. 22, 2015) ("A court may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3279 PSG (JCx) | Date | May 18, 2016 |
|---|---|---|---|
| Title | Charles Kinney v. David Marcus, *et al.* | | |

sua sponte dismiss a complaint for failure to comply with Rule 8 when 'the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.'" (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969))); *accord Haddock v. Countrywide Bank*, NA, No. CV146452PSGFFMX, 2015 WL 9257316, at *25 (C.D. Cal. Oct. 27, 2015). The Court therefore orders Kinney to show cause in writing by **June 8, 2016** why the Court should not dismiss this action for failure to state a claim upon which relief can be granted. Failure to respond as ordered may result in this case being dismissed with prejudice.

   **IT IS SO ORDERED.**